KELLEY, TRUSTEE OF THE GIBRALTAR INVESTMENT AND HOME BUILDING COMPANY, BANKRUPT, *v.* GILL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF CALIFORNIA.

No. 411. Submitted October 2, 1917.—Decided November 5, 1917.

A court of bankruptcy has no jurisdiction over a suit in equity brought by the trustee of a bankrupt corporation in the State of the corporation's domicile, against a number of its shareholders there residing, for the purpose of collecting from each an ascertained sum of money which by the terms of such shareholder's individual subscription contract had become unconditionally due and payable to the corporation at times specified and without regard to the obligations of other shareholders.

Where the liabilities of the shareholders of a corporation to pay stock subscriptions are several, independent, and unconditional, and no issue with the corporation touching such liabilities is common to the shareholders, the remedy of the corporation, or its trustee in bankruptcy, is by action at law against each shareholder separately; the equitable jurisdiction to avoid multiplicity of actions does not arise merely because the claims are very numerous; and a single

suit by the corporation, or by its trustee in bankruptcy, against many of the shareholders, to collect their subscriptions, cannot be maintained on that ground.

An order of the court of bankruptcy, calling for the payment of shareholders' subscriptions to a bankrupt corporation which, before and independently of the order, were ascertained and payable, adds nothing to the liabilities of the shareholders or to the rights of the trustee in bankruptcy, and cannot justify a single suit by the trustee against many of the shareholders to collect their subscriptions which, in the absence of the order, would not have been cognizable in equity; and neither can an order of the bankruptcy court directing the trustee "to institute a suit in equity" to make such collections confer such equitable jurisdiction.

The amendment to § 47, clause (2) of subdivision *a* of the Bankruptcy Act, made by the Act of June 25, 1910, 36 Stat. 840, § 8, did not confer new means of collecting ordinary claims due the bankrupt.

Where causes of action and citizenship of parties are such that a bankrupt, before bankruptcy, could have sued only in a state court, the bankruptcy court is without jurisdiction to enforce them at the suit of the trustee, even if as a matter of equity jurisdiction the trustee might join all causes in one bill to prevent a multiplicity of suits, while the bankrupt would have been obliged to sue upon each of them independently at law.

Contested claims of a bankrupt corporation against persons alleged to be shareholders, for moneys alleged to be due and payable on subscriptions to the corporate stock, are not to be regarded as property in the possession of the trustee in bankruptcy for the purpose of determining whether the bankruptcy court has jurisdiction to enforce them; nor does the fact that such alleged debtors are shareholders of the corporation enable the trustee to sue them in that forum to collect their subscriptions.

238 Fed. Rep. 996, affirmed.

THE case is stated in the opinion.

*Mr. Wm. B. Ogden* and *Mr. Ralph E. Esteb* for appellant.

*Mr. William Ona Morton, Mr. Porter C. Blackburn* and *Mr. A. L. Abrahams* for appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Gibraltar Investment and Home Building Company, a California corporation with a capital stock of $2,000,000 divided into 20,000,000 shares of ten cents each, was adjudicated a bankrupt in the Southern District of that State. Its debts were about $150,000. Its assets consisted of amounts aggregating $480,971.23 unpaid and overdue on subscriptions to its stock. The subscription of each stockholder was contained in a separate contract which provided for payment unconditionally at specified dates. The court of bankruptcy found that a large majority of the subscribers were non-residents of the district or were insolvent and that the full amount due from resident solvent stockholders would be required to pay the claims of creditors and the cost of administration. It ordered payment of all unpaid subscriptions and directed the trustee in bankruptcy "to institute a suit in equity" to enforce collection thereof. Such a suit was brought in that court against Gill and about 3,000 other residents of the district. A motion to dismiss for want of jurisdiction was sustained; and a decree was entered dismissing the bill. (238 Fed. Rep. 996.) The case comes here on appeal under § 238 of the Judicial Code.

The question presented is of importance in the administration of bankrupt corporations. To enable the trustee, by means of a single suit in the court of bankruptcy, to determine and enforce payment of all amounts due from stockholders would obviously promote the effective administration of the bankrupt estate; but the aggregate burden thereby cast upon the individual stockholders might be correspondingly heavy. Whether the right to choose the court and the place in which litigation shall proceed should be conferred upon the trustee or upon the defendant, is a legislative question with which Con-

gress has dealt in the Bankruptcy Act (1898, c. 541, 30 Stat. 544). Section 2, clause 7, confers upon the court of bankruptcy jurisdiction to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." But § 23-b prohibits the trustee (with exceptions not here applicable) from prosecuting, without the consent of the proposed defendant, a suit in a court other than that in which the bankrupt might have brought it, had bankruptcy not intervened.[1] The corporation is a citizen of California. It could not have sued these stockholders except in the state courts. The court of bankruptcy was, therefore, without jurisdiction of this suit unless there is something either in the nature of the cause of action or in the relation of stockholders to a corporation or in the character of the suit, which prevents the application of the prohibition contained in § 23-b.

The trustee seeks to sustain the jurisdiction on the ground:

*First:* That the suit—a bill in equity against all resident stockholders—is not one which the corporation could have brought "if proceedings in bankruptcy had not been instituted"; and that a right to bring it arises in the trustee under the amendment of 1910 to § 47, Clause *a* (2).[2]

---

[1] The Bankruptcy Act of 1867 as amended conferred expressly upon the federal courts jurisdiction of actions by the assignees for the collection of debts owing the bankrupt or other assets. *Bardes* v. *Hawarden Bank*, 178 U. S. 524, 531. And independently of any statute, a receiver of an insolvent corporation, appointed by a federal court on a judgment creditor's bill under its general equity jurisdiction, had been held in 1895 entitled to sue a debtor of the corporation in that court on the ground that the proceeding was ancillary. *White* v. *Ewing*, 159 U. S. 36.

[2] 1910, c. 412, § 8 (36 Stat. 840).

"Sec. 8. That section forty-seven, clause two, of subdivision *a* of

*Second:* That the suit is a proceeding concerning prop-
erty in the actual or constructive possession of the trustee
or the bankrupt.[1]

The cause of action sued on is the failure of the several
stockholders to perform their several unconditional prom-
ises to pay definite amounts at fixed times which have
elapsed. The amount payable by one is in no way de-
pendent upon what is due from another. The corporation
had a separate right against each alleged stockholder;
and the remedy open to it was a separate action at law
against each. The trustee rightly assumes that the cor-
poration could not have brought a single suit in equity
against all these stockholders, although a very large
number of actions at law would be required to make col-
lection of the balances unpaid on the stock. There was
no common issue between these alleged stockholders and
the corporation; and the liability of each would have
presented a separate controversy unconnected with that
of any other. Thus elements essential to jurisdiction in
equity to avoid multiplicity of actions at law by the cor-
porations were lacking. *St. Louis, Iron Mountain &
Southern Ry. Co.* v. *McKnight,* 244 U. S. 368, 375.[2] That

said Act as so amended be, and the same hereby is, amended so as to
read as follows:

"Collect and reduce to money the property of the estate for which
they are trustees, under the direction of the court, and close up the
estate as expeditiously as is compatible with the best interests of the
parties in interest: and such trustees, as to all property in the custody
or coming into the custody of the bankruptcy court, shall be deemed
vested with all the rights, remedies, and powers of a creditor holding
a lien by legal or equitable proceedings thereon; and also, as to all
property not in the custody of the bankruptcy court, shall be deemed
vested with all the rights, remedies, and powers of a judgment creditor
holding an execution duly returned unsatisfied."

[1] See *Mueller* v. *Nugent,* 184 U. S. 1; *Whitney* v. *Wenman,* 198 U. S.
539, 552.

[2] In *White* v. *Ewing,* 159 U. S. 36, 38, where this court was requested,
on certificate from the Circuit Court of Appeals, to answer a question

lack is not supplied by the assignment to the trustee. No other property has become involved. No new issues have been raised. The order of the court of bankruptcy that subscriptions be paid up was not a condition precedent to the existence of the causes of action against the several stockholders; and it added nothing to the rights which had already passed to the trustee. For him, also, the appropriate remedy was a separate action at law against each stockholder. The amendment of 1910 to § 47 of the Bankruptcy Act did not confer new means of collecting ordinary claims due the bankrupt; and the order directing the trustee "to institute a suit in equity" was impotent to confer equity jurisdiction.

But even if there had been equity jurisdiction, the suit could not have been brought in the federal court. The cause of action sued on would still have been the broken promise of the individual stockholder to pay the balance on his stock. That was a cause of action on which the bankrupt could have sued and sued only in the state court. The cause of action would remain the same, although equity, to avoid multiplicity of actions at law, undertook to deal with three thousand separate claims in a single suit. The mere fact that the bankrupt could not have brought the particular suit would not confer on the court of bankruptcy jurisdiction of the suit of the trustee. *Bardes* v. *Hawarden Bank,* 178 U. S. 524.

Nor can the jurisdiction of the court of bankruptcy be maintained on the ground that this is a suit brought to determine a controversy concerning property in the possession of the trustee. He had possession merely of contested claims against alleged stockholders. Many

---

arising in an ancillary suit similar in character, brought by a receiver, the opinion of the court called attention to the fact that "no exception was taken to the form of the bill by demurrer or otherwise, but defendants answered, denying liability"; and the fact had been also noted by the Circuit Court of Appeals. (66 Fed. Rep. 2.)

of the defendants may prove not to be stockholders. And even those confessedly stockholders are, in respect to the matters in controversy, as much strangers to the corporation and to the estate as any other person against whom the corporation had a cause of action. The fact that an alleged debtor of a corporation is a stockholder, or even an officer, does not enable the trustee to sue him in the court of bankruptcy. *Park* v. *Cameron*, 237 U. S. 616.

We have no occasion to consider whether a different rule applies in those cases where an order of the court of bankruptcy is a condition precedent to the existence of any liability, either because stockholders are liable only after a call, or because the liability of stockholders is *pro rata* and limited to such sums as may, in the aggregate, be necessary to satisfy the claims of creditors.

*Decree affirmed.*