**W. F. PIGG & SON, Inc., et al. v. UNITED STATES for Use of LEACH.**

**No. 1275.**

Circuit Court of Appeals, Tenth Circuit.

Jan. 3, 1936.

Walter W. Blood, of Denver, Colo. (G. C. Bartels and Arthur H. Laws, both of Denver, Colo., on the brief), for appellants.

Jean S. Breitenstein, of Denver, Colo. (Ralph L. Carr and John G. Reid, both of Denver, Colo., on the brief), for appellee.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

Within the time fixed by the applicable statute, 40 U.S.C.A. § 270, this action was commenced against Pigg & Son, principal contractor on a government project, and its surety on a construction bond, by the trustee in bankruptcy of The Levy-Fleisher Construction Company. Recovery of $5,689.43 is sought on four causes of action for labor and materials furnished the principal contractor.

While there was dispute as to the amount due, the principal defenses were that prior to the bankruptcy the Levy-Fleisher Company had assigned all amounts due to another; that Pigg & Son had accepted the assignment, and its liability, if any, was therefore to the assignee and not the assignor. And that prior to the bankruptcy a garnishment writ had been issued out of a state court with jurisdiction and served on defendant Pigg & Son, and that any amounts owing were subject to that process. To that part of the answer setting up these defenses, a demurrer was sustained.

The proof at the trial disclosed that on June 3, 1933, this assignment was made:

"W. F. Pigg & Son, Inc., Commonwealth Building, Denver, Colorado.

"Gentlemen: We hereby assign all our right, title and interest in our contract with you for all monies now due or hereafter becoming due, to the Fleisher Engineering & Construction Company.

"Yours truly,
"The Levy-Fleisher Construction Company,
"John A. Wise, Secretary.
"Accepted: June 3, 1933. W. F. Pigg & Son, Inc., by C. H. Pigg."

Any sums due the Levy-Fleisher Company were garnisheed on July 19. The petition in bankruptcy was filed August 31, and the adjudication was on September 18, following. This action was filed May 9, 1934. Neither the assignee nor the plaintiff in the garnishment suit is a party hereto. Neither the assignee nor the garnishee creditor has released defendants. A motion for a directed verdict was denied.

The rulings of the trial court in sustaining a demurrer to the answer in these respects, and in denying the motion for an instructed verdict on these grounds, are assigned as error. We are of the opinion that both assignments are well taken.

The Bankruptcy Act vests the trustee with the property rights which were in the bankrupt at the time the petition was filed. 11 U.S.C.A. § 110; Everett v. Judson, 228 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927, 46 L.R.A.(N.S.) 154. The trustee takes subject to all valid claims, liens, and equities which might have been asserted against the bankrupt. Thompson v. Fairbanks, 196 U.S. 516, 25 S.Ct. 306, 49 L.Ed. 577; Zartman v. First Nat. Bank, 216 U.S. 134, 30 S.Ct. 368, 54 L.Ed. 418; Colorado National Bank v. Newton, Trus-

tee (C.C.A.10) 80 F.(2d) 696. The bankrupt could not have maintained this suit, for it had assigned its claim to another; and by accepting the assignment, defendant had obligated itself to pay the amounts herein sued for to the assignee.

"Besides the first paragraph or count of the complaint, upon which alone the trial proceeded, alleged that the defendant not only had notice of the assignment to the plaintiff, but consented to that assignment. If that were so, there would be a new and direct promise from the defendant to the plaintiff, and the assignors would be in no sense parties to the cause of action." Delaware County Com'rs v. Diebold Safe & Lock Co., 133 U.S. 473, 486, 10 S.Ct. 399, 403, 33 L.Ed. 674.

■ Colorado Comp.Laws, § 3, requires every action to be prosecuted in the name of the real party in interest. The Colorado Supreme Court and the Supreme Court of the United States have held that where an account is assigned, the action must be brought by the assignee. Bassett v. Inman, 7 Colo. 270, 3 P. '383; First National Bank v. Hummel, 14 Colo. 259, 23 P. 986, 8 L.R.A. 788, 20 Am.St.Rep. 257; Wilson v. Kent, 38 Colo. 492, 88 P. 461; Arkansas Valley Smelting Co. v. Belden Min. Co., 127 U.S. 379, 8 S.Ct. 1308, 32 L.Ed. 246. In an effort to deflect the force of the complete and accepted assignment above set out, appellee introduced in this plenary action a proof of claim of the assignee, filed in the bankruptcy suit, which alleges an oral contract, made more than four months before bankruptcy, by which the claimant agreed to advance moneys on the security of an oral assignment of this account; that a written assignment was thereafter signed by the bankrupt and served upon Pigg & Son; that such assignment was collateral security for an indebtedness less than the account assigned, and therefore the assignee had no right of action thereon. Carozza v. Boxley (C.C.A.4) 203 F. 673; Hall v. Allen, 46 Colo. 355, 104 P. 489. But Pigg & Son are in no wise bound by a claim filed in the bankruptcy by another; in fact, it is not clear how this pleading, filed in another case, is even evidentiary, for it would seem that defendants here should have the right to cross-examine as to the facts alleged. But passing that, the assignment attached to this claim is not the one which Pigg & Son accepted. Nor,

in a suit by the assignee against Pigg & Son on the direct obligation created by the acceptance of the assignment, would the assignee be bound by the claim filed in bankruptcy. It would be open to the assignee to dispute the filing of the claim, set up that it was inadvertently filed, or superseded by the later entire and accepted assignment. The assignee's rights against Pigg & Son under this accepted assignment cannot be summarily disposed of in an action to which it is not a party, merely by offering in evidence its pleading in another case. Until the assignee releases Pigg & Son, or its rights are cut off by a judgment in a case to which it is a party, Pigg & Son cannot be held by the assignor.

■ Nor could the bankrupt recover against Pigg & Son as long as the garnishment writ is outstanding. While Pigg & Son's surety was not a party in the garnishment proceeding, the surety cannot be required to respond while its principal is enjoined from payment by the order of a court of competent jurisdiction. A judgment in the federal court ordering a surety to pay over a sum which its principal has been enjoined by a state court from paying, would be to disrespect, if not to disregard, the order of that court.

In 1910, by an amendment to section 47 of the Bankruptcy Act, 11 U.S.C.A. § 75, trustees were vested with the additional rights of lien creditors and judgment creditors with execution returned unsatisfied. Equipped with such powers, a trustee may avoid certain transfers and liens which the bankrupt himself could not assail. Whether the garnishment lien could be avoided or the assignment set aside, in a proper proceeding, we have no occasion to inquire. No such proceeding has been brought, and until they are set aside, they stand as effective bars to recovery by the bankrupt. As said in Kelley v. Gill, 245 U.S. 116, 38 S.Ct. 38, 39, 62 L.Ed. 185, this amendment "did not confer new means of collecting ordinary claims due the bankrupt."

To avoid the effect of the garnishment, appellee relies upon section 67f of the Bankruptcy Act, as amended, 11 U.S.C.A. § 107 (f), which provides that attachments or other liens obtained through legal proceedings against an insolvent within four months of the bankruptcy shall be void, and the property affected shall

be discharged therefrom and pass to the trustee in bankruptcy.

But the Supreme Court has construed this section to mean that such liens are not void, but voidable in a proper suit; that the property does not automatically pass to the trustee in bankruptcy, and that therefore the bankruptcy court cannot, over objection, determine substantial adverse claims thereto. The court said:

"A trustee seeking to have declared void, under subdivision 'f' of section 67, a lien obtained through legal proceedings, and to recover possession of property, may be confronted with an adverse claim upon several grounds. It may be asserted that the lien attacked is of a character different from those provided for in that subdivision; or, although the lien (i. e., that obtained by levy of execution) is clearly one to which subdivision 'f' applies, that it is valid by reason of other facts, for the statute does not, as a matter of substantive law, declare void every lien obtained through legal proceedings within four months of the filing of the petition in bankruptcy. The lien may be valid, because the debtor was, in fact, solvent at the time the levy was made; or, although the debtor was then insolvent, because the property had passed into the hands of a bona fide purchaser; or, although the debtor was then insolvent and the levy was made within the four months, because inchoate rights by way of lien had been acquired earlier. As the establishment of any one of these facts would bar recovery by the trustee, their assertion presents a judicial question." Taubel, etc., Co. v. Fox, 264 U.S. 426, 429, 44 S.Ct. 396, 397, 68 L.Ed. 770.

There is nothing in this record to indicate the bankrupt was insolvent when this garnishment lien attached. Even if there were, the garnishment creditor is not in court, and a finding of insolvency here would not bind it.

The trustee cannot recover against Pigg & Son or its surety until the rights of the assignee and of the garnishment plaintiff to this fund are released or adjudicated. They cannot be adjudicated here because they are not parties. Pigg & Son cannot be required to pay the same amount twice, and on this record, both the assignee and the garnishment creditor have rights superior to the trustee.

Appellant contends that the action is barred by the one-year limitation in the statute under which the suit is brought. This action was brought within that period, and we see no propriety in now deciding a defense which might be interposed in an action which may never be brought.

The judgment is reversed.