In re ROGERS.

District Court, S. D. New York.
July 24, 1942.

Benjamin Leibowitz, of New York City, for trustee.

Aaron E. Koota, of New York City (A. Alexander Katz, of New York City, of counsel), for bankrupt.

GODDARD, District Judge.

This is a petition to review an order of a Referee dismissing the trustee's petition for a turnover order of certain property, on the ground that the Bankruptcy Court had no jurisdiction over the property sought to be reached by the trustee.

The trustee's petition alleges that the bankrupt and her former husband, Charles H. Rogers, then living separate and apart, entered into an agreement in writing on or about June 20, 1931, whereby Rogers was to pay the bankrupt not less than $11,000 nor more than $16,000 per year for her support, payable in monthly instalments, the agreement to become effective when a divorce was granted; that a decree of divorce was entered in the State of Nevada on June 20, 1931; that said agreement was modified, first, on January 13, 1938, and later on March 19, 1938, whereby Rogers was to pay the bankrupt at the rate of $6,000 per year. It is then alleged that the bankrupt has claimed an exemption of all monies payable to her by Rogers. The trustee seeks an order directing that the bankrupt turn over to the trustee "all sums of money due and to become due to the bankrupt from Rogers under such of the agreements as are now in effect and under such of the agreements as may subsequently be held to be in effect, over and above the sum of $100 a month be declared non-exempt property and that such excess be paid to the trustee as of the date of the filing of the petition."

The bankrupt's answer includes a denial that the bankrupt has claimed any exemption as stated in the petition, and sets up affirmative defenses, 1, that it appears upon the face of the petition that the court has no jurisdiction to grant the relief sought; 2, that the petition does not state facts sufficient to warrant the granting of the relief prayed for; and 3, that the petition does not state facts sufficient to warrant the granting of the relief prayed for in that it fails to allege that there was

property in the possession of the bankrupt at the time of the filing of the petition which could be paid over to the petitioner, or that there is property now in the possession of the bankrupt which can be paid over to the petitioner.

The trustee contends (1) that the Bankruptcy Court has jurisdiction to determine what property is exempt and which is not exempt; (2) that the Bankruptcy Court has jurisdiction over property coming into the bankrupt's possession after the filing of the petition in bankruptcy; and (3) that the trustee has the right to reach the property sought, since it was not alimony but the right of the bankrupt to receive money pursuant to a contract.

■ A court of bankruptcy always has jurisdiction to determine the merits of a bankrupt's claim to exemptions. Bankruptcy Act, § 2, sub. a(11), 11 U.S.C.A. § 11 sub. a(11); 1 Collier on Bankruptcy, 14th Ed., page 802. However, here, the bankrupt has denied in her answer making any claim to exemption and she states clearly and unequivocally in her brief that she never has made nor is she presently making any such claim. In view of these facts the Referee made a finding that the bankrupt has made no claim to exemption, which is substantiated by the facts. It thus clearly appears that the bankruptcy court has no jurisdiction to determine this issue, since the bankrupt has asserted no claim to any exemption and the issue has not been raised within the meaning of Section 2, sub. a(11), of the Bankruptcy Act which empowers the court to "determine all claims of bankrupts to their exemptions." Nor has the trustee raised the issue by asserting any waiver on the part of the bankrupt.

■ It is well settled that bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. The test of this jurisdiction is not title, but possession by the bankrupt at the time of the filing of the petition in bankruptcy. 2 Collier on Bankruptcy, op. cit. p. 461; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876; Matter of Retail Stores Delivery Corp., D.C., 5 F.Supp. 892. And a turnover order may be directed against the bankrupt if he has property which is asserted to be part of the estate. 2 Collier on Bankruptcy, op.cit. p. 518. However, it is equally well settled that the petition of a trustee in bankruptcy for an order re-

quiring a bankrupt to turn over property alleged to belong to it is insufficient and defective if it does not allege or show that the property sought is in the bankrupt's possession or under his control. In re Brockton Ideal Shoe Co., 2 Cir., 202 F. 199, 200; see also In re M. & M. Mfg. Co., 2 Cir., 71 F.2d 140, 141; 2 Collier on Bankruptcy, op. cit. pp. 530, 531.

■ An examination of the petition of the trustee herein fails to disclose any allegation that the bankrupt is either presently in possession of the property sought, or was in possession of said property at the time of the filing of the petition. The petition is thus fatally defective and fails to state facts upon which the relief sought may be granted. In re Brockton Ideal Shoe Co., supra.

The trustee seeks an order directing the bankrupt to turn over to her all monies (over $100 per month) which she will receive in the future, pursuant to the agreements with her former husband. The court is clearly without jurisdiction to make such an order, since, from the petition itself, it appears that the bankrupt is not in possession of such property and this would require an order relating to after-acquired property.

■ The last question involved is whether the trustee acquires title to the bankrupt's contracts with her husband. While it is true that the bankruptcy court acquires jurisdiction over all property in the possession of the bankrupt, when the petition is filed, which might include the bankrupt's contract rights against her former husband, it would serve no purpose for the bankruptcy court to make a declaratory judgment as between the trustee and the bankrupt that title to these contract rights is in the trustee for two reasons: (1) It is unnecessary, since the trustee would get such right under Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, in any event, and without any court order, merely by operation of law; and (2) such a declaratory judgment would not be binding in any subsequent suit which the trustee might bring in the appropriate court against Rogers, the bankrupt's former husband, since he is not a party to this proceeding. Furthermore, the bankruptcy court will not, through its summary jurisdiction, undertake to enforce a chose of action against a debtor or obligor thereon. See 2 Collier on Bankruptcy, op. cit. pp. 474, 475, and cases cited therein. There-

fore, although the bankrupt's right to the monies in question is present property which, it may later be determined, passes to the trustee, a plenary action in the appropriate court would be necessary in order for the trustee to realize any monies out of this right. 2 Collier on Bankruptcy, op. cit. pp. 474, 475. Since such an action would necessarily raise the questions of whether the monies due the bankrupt constitute alimony or only money due under a contract obligation; and whether the trustee has title to the contracts and the monies due thereunder, as well as Rogers' liability therefor, it would serve no useful purpose for this court to pass upon those issues, for at most, rulings on these issues would constitute only a declaratory judgment; also, as these issues involve primarily questions of state law, they are best left to the state courts for determination.

Accordingly, the petition to review is dismissed and the order of the Referee is affirmed.