**In re EAKIN.**

No. 228.

Circuit Court of Appeals, Second Circuit.

April 15, 1946.

Abraham L. Popper, of New York City, for trustee-appellant.

George L. Hubbell, Jr., of New York City (Hamlin, Hubbell, Davis, Hunt & Farley, of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

Eakin[1] filed a voluntary petition in bankruptcy on July 26, 1943. He then had on deposit, in Garden City Bank & Trust Company,[2] on general account and in his name, $1,160.68. The Bank learned of the bankruptcy proceeding on July 28, 1943. The bankrupt advised the Bank that the funds on deposit were trust funds, and the Bank permitted him to check the funds out to the alleged beneficiaries. Thereafter, on November 30, 1943, the Trustee made demand on the Bank to pay him the amount of the deposit. The Bank refused. The Trustee then petitioned the referee for an order directing the Bank to pay over the deposit.

In his schedules, the bankrupt listed the deposit as a fund which he held as a trustee.

At the hearing on the order to show cause, the Bank challenged the summary jurisdiction of the bankruptcy court on the ground that the deposit was made with funds held by the bankrupt as a trustee, and in the alternative, if the deposit was owing to the bankrupt individually, that at the time of the filing of the petition the bankrupt was indebted to the Bank in the amount of $2,349, and it was entitled to offset its debt against the deposit. The referee held that the Bank had an adverse

---

[1] Hereinafter called the bankrupt.

[2] Hereinafter called the Bank.

claim and that the claim of the Trustee could only be enforced in a plenary suit. On petition for review, the District Court confirmed the referee.

 A bankruptcy court has summary jurisdiction to adjudicate, without consent, controversies concerning title to property of which it has possession. Possession need not be actual. Constructive possession is sufficient. Possession of the bankruptcy court exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the Trustee; where the property was delivered to the Trustee, but was thereafter wrongfully withdrawn from his possession; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable.[3] The rule applies to intangible property.[4]

But an action to enforce a debt from the alleged debtor of the bankrupt, where the debtor denies the existence of the debt, is not within the summary jurisdiction. The Trustee, in such a case, cannot claim possession, because the existence of the chose in action is the issue in dispute.[5]

While there is no controversy here between the Bank and Eakin as to the existence of the trust, the Bank does assert that Eakin was the trustee of the funds on deposit, and, in that sense, the Bank does assert a claim adverse to the bankrupt and the Trustee.

Moreover, the claim of a bank to ordinary deposits made by a bankrupt, based on an alleged right to offset indebtedness of the bankrupt to the bank, is an adverse claim and the bank is entitled to a determination thereof in a plenary suit.[6]

The Bank filed an amended claim in which it asserted the right of setoff in the event the trust character of the deposit should not be established. At the same time, it asserted its right to have its claim determined in a plenary suit. The filing of the claim, under such circumstances, did not constitute a consent to the summary jurisdiction.[7]

Affirmed.

---

[3] Taubel-Scott-Kitzmiller Co., Inc., v. Fox, 264 U.S. 426, 432, 44 S.Ct. 396, 68 L.Ed. 770.

[4] Board of Trade of City of Chicago v. Johnson, 264 U.S. 1, 12, 44 S.Ct. 232. 68 L.Ed. 533; In re Borok, 2 Cir., 50 F.2d 75, 77.

[5] See In re Borok, 2 Cir., 50 F.2d 75, 77; Chandler v. Perry, 5 Cir., 74 F.2d 371, 373; In re Rogers, D.C.N.Y., 51 F. Supp. 930, 932; Kelley v. Gill, 245 U.S. 116, 120–122, 38 S.Ct. 38, 62 L.Ed. 185; In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658, 661; Harrigan v. Bergdoll, 270 U.S. 560, 562, 563, 46 S.Ct. 413, 70 L.Ed. 733; In re Fuller, 2 Cir., 294 F. 71, 73; In re Ballou, D.C.Ky., 215 F. 810, 813; Bear Gulch Placer Mining Co. v.

Walsh, D.C.Mont., 198 F. 351, 353; Collier on Bankruptcy, 14th Ed., Vol. II, § 23.05, p. 475.

[6] Shortridge v. Utah Savings and Trust Co., 10 Cir., 40 F.2d 328, 329, 330; Plymouth County Trust Co. v. MacDonald, 1 Cir., 53 F.2d 827, 828, reversed on other grounds, MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093; First National Bank of Thomasville, Ga. v. Hopkins, 5 Cir., 199 F. 873; In re Boston-Cerrillos Mines Corporation, D.C.N.M., 206 F. 794, 796; Collier on Bankruptcy, 14th Ed., Vol. II, § 23.06, p. 490.

[7] Pickens v. Roy, 187 U.S. 177, 180, 23 S.Ct. 78, 47 L.Ed. 128.