DUDA v. STERLING MFG. CO. et al.
STERLING MFG. CO. et al. v. DUDA.
Nos. 13976, 13979.

United States Court of Appeals
Eighth Circuit.

Nov. 25, 1949.

Rehearing Denied Jan. 11, 1950.

Bernard E. Vinardi, Omaha, Neb. (William Ritchie, Omaha, Neb., was with him on the brief), for Sterling Mfg. Co., Debtor, and others.

Jack W. Marer, Omaha, Neb. (Norman Denenberg, Omaha, Neb., was with him on the brief), for Walter Duda.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The question on these appeals concerns the jurisdiction of a bankruptcy court in reorganization proceedings under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., over claims asserted by the reorganization trustees against an alleged debtor of the corporation in reorganization. The appellees in No. 13,976 and appellants in No. 13,979 are the trustees appointed by the court in the reorganization proceedings of Sterling Manufacturing Company of Omaha, Nebraska, whose petition for reorganization was approved on April 6, 1948. The appellant in No. 13,976 and appellee in No. 13,979 is Walter Duda, a resident of Omaha, Nebraska, the alleged debtor of the corporation.

These proceedings began with the petition of the trustees of the debtor corporation for an order directed to Duda requiring him to show cause why judgment should not be entered against him in favor of the trustees on several separate and distinct causes of action. The first and most

important and the one which gave rise to all others is an action on contract for value of goods and merchandise sold and delivered to Duda by the debtor corporation on January 15, 1948, for the recovery of rent due for premises leased and delivered by the debtor corporation to Duda under the same contract, and for the value of the good will of the debtor corporation's truck refrigeration business for which the goods sold and premises leased had been acquired and held; the second, an action for the proceeds of a check alleged to be the property of the debtor corporation received by Duda before the beginning of the reorganization proceedings and thereafter withheld by him; the third, an action for goods and merchandise of the debtor corporation delivered to Duda on January 15, 1948, under an alleged agreement to pay the debtor corporation the reasonable value therefor or to return the part not used; the fourth, an action to recover the value of services rendered and transfers made to Duda by the debtor corporation during the reorganization proceedings, for the payment of payrolls for Duda's employees, for the value of supplies shipped to Duda, and for commissions to his salesmen.

The order to show cause issued as prayed on the day the petition was filed. In response, Duda appeared specially, objecting to the jurisdiction of the reorganization court and moving that the petition be dismissed and the order to show cause quashed for want of jurisdiction. He attacked the summary jurisdiction of the bankruptcy court on the ground that the petition showed on its face that the petitioners were attempting to enforce an alleged chose in action for the value of goods and merchandise sold under contract by the debtor before reorganization, or for the recovery of property held under a bona fide and substantial claim adverse to the debtor corporation. He attacked the plenary jurisdiction of the court because of the absence of diversity of citizenship between the parties, and asserted that substantial issues of fact would arise in the controversy on which he was entitled to a trial by jury. Attached to these pleadings was Duda's affidavit denying generally each and every allegation of the petition, and specifically denying that Duda was a party to any of the contracts or transactions with the debtor or its trustees set out in the petition. After hearing some of the evidence on behalf of the trustees, all of which was in complete conformity with the allegations of the petition, the court overruled Duda's objections to its jurisdiction, and gave him time to answer, which he did, without prejudice to his objections to the court's jurisdiction and his motion to dismiss the proceedings.

In his answer Duda again denied the allegations of the petition. He alleged that the sales and other transfers and the lease set up in the petition were made by the debtor to one Frank Schaaf, and that all deliveries of property and payments of money set out in the petition were made by the debtor or its trustees to Frank Schaaf upon the agreement between them that Frank Schaaf would operate that part of the business of the debtor involved in the transaction under the name of the Sterling Refrigeration Engineering Company, would pay to the debtor the agreed rent for the premises leased, and, for the materials sold and delivered to him, their cost price to the debtor or the market price whichever was lower, payments to be made by Schaaf as and when the materials sold and delivered were used in the operation of the business comtemplated, which was the manufacture of refrigeration equipment for motor trucks. Duda denied that he was the owner of the Sterling Refrigeration Engineering Company, or that he had any interest in it. He alleged that the transaction between the debtor and Frank Schaaf was made upon the representation of the debtor that the materials and supplies sold and delivered to Schaaf were sufficient for the assembling of 30 complete and efficient refrigeration units, that after delivery of the materials to Schaaf it was discovered that they were not sufficient to assemble the agreed or any number of refrigeration units, that many of the materials and supplies were mechanically deficient in numerous respects; that as a result of these defects in the materials Schaaf was put to great expense in repairing the refrigeration units

which he had assembled in reliance upon the representations of the debtor and in acquiring necessary parts for the manufacture of other refrigeration units and for repairing those assembled from defective parts; that after the institution of the reorganization proceedings for the debtor, as the result of this situation, negotiations were had between the trustees and Schaaf in which it was agreed that the fair value of the materials delivered under the contract of January 15, 1948, was $20,000, which Schaaf agreed to pay to the debtor, subject to certain obligations owing from the debtor to the Sterling Refrigeration Engineering Company for work done and services performed and expenses incurred at the instance and request of the trustees.

With reference to the proceeds of the check for which judgment was asked in the petition, Duda alleged that the check was drawn payable to the Sterling Refrigeration Engineering Company in payment of an account owed to that company by one of its customers and that the proceeds were never the property of the debtor. The answer also denied that the debtor ever offered to sell to Frank Schaaf or to Duda the good will of the debtor's refrigeration business, and that the good will of that business was never purchased by either of them. In the alternative, Duda asserted that, in the event the court should find him indebted in any amount to the debtor, he was entitled to setoff against any judgment awarded against him any and all sums due the Sterling Refrigeration Engineering Company as set out in the answer. The items involved in the setoff as alleged in Duda's answer were work and labor of the value of $3,782.05 done by the Sterling Refrigeration Engineering Company at the request of the debtor and its trustees on a refrigeration unit sold by the debtor prior to January 15, 1948; work and labor of the value of $1,414 furnished by the Sterling Refrigeration Engineering Company at the request of the trustees in the manufacture of a compressor; and expenses of $331 incurred by the Sterling Refrigeration Engineering Company at the request of the debtor in connection with repair of a defective refrigeration unit sold by the debtor prior to the reorganization proceedings.

In reply the trustees admitted that the Sterling Refrigeration Engineering Company had performed the work and labor of the value of $3,782.05 as alleged in the answer, but asserted that in doing this work the Sterling Refrigeration Engineering Company kept parts taken from the refrigeration unit on which the work was done of a value unknown to the trustees but for which they were entitled to credit. Concerning the setoff claimed in the amount of $1,414, the trustees replied that they had no knowledge of the facts, but that if the work was done as alleged in the answer it was not performed at the request or under the authority of the trustees. They made no denial of the claim for $331.

A complete trial of the issues raised by the pleadings before the court without a jury resulted in a judgment against Duda for the full amount of the claims set out in the petition, except for the value of the good will of the debtor's refrigeration business, concerning which the court found that the evidence was not sufficient "to justify entering judgment thereon against Walter Duda."

The amount of the judgment awarded the trustees was $47,588.20, which included $39,482.53 with interest from January 15, 1948, to March 23, 1949, for the value of the goods and merchandise sold and delivered by the debtor before the institution of the reorganization proceedings; $1,730 with interest for the same period representing the proceeds of the check in dispute between the parties; $324.21 with interest for the same period representing the value of property retained by the transferee under the alleged agreement of January 15, 1948, to pay for such part of the materials delivered under that agreement as was used by the transferee; and $3,020.50 with interest from various dates to March 23, 1949, representing the value of services rendered and payments alleged to have been made by the trustees to Duda during the reorganization proceedings. In addition to the money judgment Duda was required to deliver to the trustees of the debtor all of the items alleged to have been delivered under the

agreement to return the articles not used, the court reserving jurisdiction to enter judgment against Duda for the value of the articles not returned. The judgment contained the following provision: "The court hereby reserves jurisdiction and power so that if for any reason the Trustees as officers of this court are unable to promptly collect the judgment herein granted, or any part thereof, under various writs provided by statute and previously allowed by this court, then said Trustees may be authorized and directed to obtain such other writs or orders of this court as the law may provide, to the end that they shall follow and bring back the property of this trust wherever it may be found."

Duda's claims for setoffs against the judgment were denied, although in large part not contested by the trustees, without prejudice to their presentation as claims against the debtor in the reorganization proceedings.

In No. 13,979 the trustees contend that the court's finding in favor of Duda on the claim for the value of the good will of the truck refrigeration business is not supported by the evidence. In No. 13,976 Duda assigns error in the court's denial of his motion to dismiss and objections to the court's jurisdiction, and his claim for setoff against the claims of the trustees.

It is difficult to determine the basis of the court's holding that the issues raised by the petition were within its jurisdiction. In its conclusions of law the court said: "This is an equity proceeding under Chapter X of the Bankruptcy Act and the Court has jurisdiction over the subject matter of this action and over the persons of the parties hereto and each of them."

In its opinion the court said: "In approaching a decision in this case, we must keep in mind that this court is now sitting as a court in bankruptcy; that bankruptcy proceedings are essentially equity proceedings; that the court has all the powers of a court of equity in so far as the assets and property of the bankrupt estate is concerned * * *." In its opinion, as well as in its conclusions of law, the court stated that the alleged sale of the inventory of the truck refrigeration part of the debtor's business was void under section 67, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 107 sub. d(1), (2), and (3), and, although nothing in the pleadings so indicated and no such contention was advanced at the trial, that the action was brought under section 67, sub. d(2) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(2).[1] From these conclusions of law and statements of the court in its opinion the inference might be indulged that the court was of the opinion that the issues raised by the petition for an order to show cause were within its plenary jurisdiction as a court of equity and, as such, for trial without the intervention of a jury. But, on the other hand, the court specifically held that the proceeding was summary, indicating that the basis of its ruling was that the issues were within its summary jurisdiction. The record contains other evidence to support this conclusion. For example, the court's finding that the debtor had at all times possession of the

---

1. "§ 107. Liens and fraudulent transfers.
"d.(2) Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition in bankruptcy or of an original petition under chapter 10, 11, 12, or 13 of this title by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent; or (b) as to then existing creditors and as to other persons who become creditors during the continuance of a business or transaction, if made or incurred without fair consideration by a debtor who is engaged or is about to engage in such business or transaction, for which the property remaining in his hands is an unreasonably small capital, without regard to his actual intent; or (c) as to then existing and future creditors, if made or incurred without fair consideration by a debtor who intends to incur or believes that he will incur debts beyond his ability to pay as they mature; or (d) as to then existing and future creditors, if made or incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either existing or future creditors."

premises alleged to have been leased to Duda and thereby placed in the lessee's possession points to the erroneous belief of the court that the merchandise alleged to have been sold and delivered under the contract of January 15, 1948, and held by the purchaser in the leased premises was not held adversely to the debtor. Cf. City & County of Denver v. Warner, 10 Cir., 169 F.2d 508, 510, 511. Likewise, the provision in the judgment reserving jurisdiction to issue such other writs as the bankruptcy law may provide "to the end that they (the trustees) shall follow and bring back the property of this trust wherever it may be found" shows very clearly that the court considered that the whole proceeding before it was within its summary jurisdiction. This provision of the judgment in effect asserted jurisdiction to order payment forthwith, an incident of a summary but not of a plenary judgment. In re Prima Co., 7 Cir., 98 F.2d 952, 957.

In ordinary bankruptcy proceedings the court has no jurisdiction to hear and determine in a summary proceeding a controversy as to ownership and title to property held adversely to the bankrupt estate against the consent of the adverse claimant where the property in question came into the possession of the adverse claimant prior to the filing of the petition in bankruptcy. Perhaps no rule is more firmly established in bankruptcy law. In such a case resort must be had to a plenary action in a court of competent jurisdiction. The test of jurisdiction is possession not title of the bankrupt. Sproul v. Levin, 8 Cir., 88 F.2d 866, 869; Thompson v. Terminal Shares, Inc., 8 Cir., 104 F.2d 1, 5; Milens v. Bostian, 8 Cir., 139 F.2d 282, 284; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Cline v. Kaplan, 323 U.S. 97, 98, 65 S.Ct. 155, 89 L.Ed. 97. Nor in ordinary bankruptcy does the court have summary jurisdiction of an action to recover an alleged debt owing the bankrupt which the debtor denies. In re Eakin, 2 Cir., 154 F.2d 717, 719; Kelley v. Gill, 245 U.S. 116, 120, 122, 38 S.Ct. 38, 62 L.Ed. 185; Morrison v. Bay Parkway

National Bank, 2 Cir., 60 F.2d 41, 42; In re Roman, 2 Cir., 23 F.2d 556, 558; In re Joslyn's Estate, 7 Cir., 168 F.2d 803, 807; Maggio v. Zeitz, 333 U.S. 56, 63, 68 S.Ct. 401, 92 L.Ed. 476.

In the Roman case the court says that it may be that the determination of the question of the identity of the party liable on a chose in action belonging to the bankrupt is within the summary jurisdiction of the bankruptcy court, citing cases said to sustain and deny this jurisdiction. But the court clearly held that even if such jurisdiction existed the bankruptcy court had no summary jurisdiction to enforce the chose in action in favor of the bankrupt; that, although the chose in action could be said to be in the bankruptcy court's possession, the value of its performance could not.

█ The rules above stated apply in proceedings for reorganization under Chapter X of the Bankruptcy Act. Warder v. Brady, 4 Cir., 115 F.2d 89, 94–95; In re International Power Securities Corp., 3 Cir., 170 F.2d 399, 405 (emphasizing the distinction between actions in Chapter X proceedings to preserve and actions to enforce a chose in action. In the first action the court has summary jurisdiction; in the second it does not); In re Mount Forest Fur Farms of America, Inc., 6 Cir., 122 F.2d 232, 239; In re Standard Gas and Electric Co., 3 Cir., 119 F.2d 658, 661 (dealing with the same question arising under section 77B of the Bankruptcy Act, 11 U.S.C. A. § 207, which was superseded by Chapter X of the Chandler Act in 1938); Thompson v. Terminal Shares, Inc., supra, dealing with the same problem in a railroad reorganization; Sylvan Beach v. Koch, 8 Cir., 140 F.2d 852, 861; and see 6 Collier on Bankruptcy, 14th Ed., § 3.05, pp. 584–594.

In re Cuyahoga Finance Co., 6 Cir., 136 F.2d 18, does hold that in Chapter X proceedings the bankruptcy court has jurisdiction to determine, in summary proceedings, setoffs against the debtor's obligations to a pledgee creditor which, having possession of the pledged assets, declines to file a claim or otherwise consent to the jurisdiction of the court. The action, however, was one

in equity brought by the trustees for the preservation of property belonging to the bankrupt estate pledged to secure a debt of the bankrupt against which the bankrupt claimed setoffs. The jurisdiction of the bankruptcy court in Chapter X proceedings to protect and preserve the property of the bankrupt estate was not in question and could not be questioned. The determination of the net amount of the bankrupt's debt to the pledgee chargeable to the pledged collateral was a necessary incident in an action for the preservation of the bankrupt estate over which the court had jurisdiction. Having jurisdiction as a court of equity of a proceeding for the protection of the property of the bankrupt estate, without which it was impossible for reorganization to proceed, the court necessarily had the power and the duty to determine all other issues incident to the main action and necessary to its final determination. See the discussion of this case in In re International Power Securities Corp., supra, 170 F.2d at page 403. Unlike the causes of action involved in the present proceeding, the Cuyahoga case was not an action at law to enforce an alleged debt owing the bankrupt which the debtor denied or an action at law to recover property held adversely to the bankrupt under a claim of ownership. See also the discussion on summary jurisdiction of the bankruptcy court in Chapter X proceedings in 6 Collier on Bankruptcy, 14th Ed., § 3.05, pp. 585 et seq., citing among others the Cuyahoga case.

◼ We hold that the reorganization court was without jurisdiction in summary proceedings of the first, second, and third causes of action, as stated above, since all three involve claims of the debtor against Duda accruing before the institution of the reorganization proceedings, which Duda denied, reserving his objections to the court's summary jurisdiction throughout the trial. Nor were any of the issues involved in these claims within the summary jurisdiction of the reorganization court if Duda had admitted the receipt of the property involved by virtue of the alleged transactions with the debtor prior to the institution of the reorganization, since the evidence shows that the property was never within the possession of the reorganization court. Clearly in such circumstances Duda would have been an adverse holder under a bona fide claim and the claims asserted against him not within the summary jurisdiction of the court without his consent. Assuming, as the court stated in its opinion, although the record is barren of any evidence on the subject and no finding of fact concerning it was made, that the bankruptcy court had never authorized the payments and transfers made by the trustees after the institution of the bankruptcy proceedings, the claims of the trustees for recovery of the property transferred and the moneys advanced during the reorganization proceedings were within the summary jurisdiction of the bankruptcy court. And this for the reason that transfers by the trustees without authority of the court can not destroy the court's possession of the property transferred. In re Schermerhorn, 8 Cir., 145 F. 341.

◼ Nor would the bankruptcy court have had plenary jurisdiction of the matters alleged in the petition, with the exception of those for payments and transfers to Duda during reorganization, in ordinary bankruptcy proceedings, because of the absence of the requisite diversity of citizenship essential to its jurisdiction as a Federal court. Section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46.[2] But it is now set-

2. "§ 46. Jurisdiction of controversies between receivers and trustees and adverse claimants.

"a. The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title."

tled that section 102 of the Bankruptcy Act, 11 U.S.C.A. § 502, which provides that section 23 of the Act shall not apply in reorganization proceedings, frees the plenary jurisdiction of the reorganization court from the limitation placed upon the plenary jurisdiction of the bankruptcy court in ordinary bankruptcy. Accordingly, the reorganization court had plenary jurisdiction of the proceedings by the trustees to recover against Duda a claim which he denied or to recover property held adversely by him even though diversity of citizenship or other grounds for Federal jurisdiction were absent, all parties being within the court's jurisdiction. Williams v. Austrian, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718. And, assuming that some of the issues were within the summary jurisdiction of the reorganization court, Duda can not complain if his liability on all claims was determined in a plenary rather than in a summary action.

■ But the right to a trial in a plenary action is the right to have the issues determined "in suits of the ordinary character with the rights and remedies incident thereto." Since Duda at the very outset of the case objected to a trial of the issues in a summary proceeding and insisted upon his objections throughout the trial, he did not waive the right to a plenary trial by participating in a hearing on the merits. Cline v. Kaplan, supra, 323 U.S. at pages 98, 100, 65 S.Ct. 155, 89 L.Ed. 97. One of the incidents of an ordinary civil action at law in the Federal court is trial by jury. The right is guaranteed by the Seventh Amendment to the Constitution and can not be evaded. Guaranty Trust Co. v. York, 326 U.S. 99, 105, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. Duda did not waive his right to a jury trial. On the contrary, he insisted upon his right to a jury trial throughout the proceedings, asserting that the action was one to recover the value of goods alleged to have been sold and delivered to him, presenting controverted issues of fact on which he was entitled to a jury trial.

To state the history of this case as briefly as possible—it began as a summary proceeding, was tried as a plenary action, and ended with a judgment, summary in the bankruptcy sense. The claims of the trustees for the value of goods and merchandise sold and delivered before the institution of the reorganization proceedings, for the proceeds of the check in controversy before the institution of the reorganization proceedings and held adversely, and for the recovery of goods or their value delivered conditionally before the beginning of the reorganization proceedings, all claims for debts owing to the corporation in reorganization by a debtor who denied liability, were within the plenary jurisdiction of the bankruptcy court. The trustees' actions for recovery of these claims were suits at common law within the meaning of the Seventh Amendment on the trial of which Duda demanded and was entitled to a jury. The claims of the trustees for payments and transfers from the debtor's estate made by them without the authority of the bankruptcy court after the institution of the reorganization proceedings were claims within the summary jurisdiction of the bankruptcy court, since constructive possession of the property so transferred still remained in that court.

The crucial question of fact at issue in these cases was not the terms of the alleged contracts which the debtor made before the institution of the reorganization proceedings, none of which was in writing; nor the terms of the contracts made by the trustees during those proceedings without authority of the court; nor in the latter contracts were the amounts involved in the dispute except as they may have been affected by the claims for setoffs against them. The amount involved in the controversy over the proceeds of the check was not in dispute. The decisive question of fact in the cases was the identity of the party to whom the debtor sold its truck refrigeration property on January 15, 1948. The court's finding on that question was based in part at least upon its erroneous view of the controlling effect of section 67, sub. d(2) of the Bankruptcy Act, as also was its finding that at the time of the sale the debtor was insolvent or would be rendered insolvent by the transfer of its truck refrigeration property. The

evidence does not support this finding on the question of insolvency, and it is contrary to the court's further finding that Duda was solvent and amply able to pay to the debtor the value of the property transferred. When the court below found that Duda was the party liable to the debtor on the contract of January 15, 1948, decision against him on all other issues raised by the proceedings followed as a matter of course.

 The judgments on the claims within the plenary jurisdiction of the court must be reversed because of the denial of the right of trial by jury. The judgments on the claims within the summary jurisdiction of the court must be reversed because of the court's refusal to allow setoffs against them which the evidence clearly established. And since the value to the debtor's estate of the claims within the court's summary jurisdiction is of relative insignificance in comparison with the value of the claims within its plenary jurisdiction, as well as because as against Duda the determination of the identity of the purchaser of the debtor's truck refrigeration property under the contract of January 15, 1948, is decisive of the issues raised on the claims within the court's summary jurisdiction, and to expedite the reorganization proceedings, all the issues raised by the petition should be tried in one action in which Duda may have a trial by jury on the issues within the court's plenary jurisdiction, and the court may direct such verdict on the issues within its summary jurisdiction as the evidence warrants. The question concerning the sale of the good will of the truck refrigeration business was within the plenary jurisdiction of the bankruptcy court. The trustees not only did not demand a trial by jury but opposed the submission of the issue to a jury. Duda can not complain since the judgment was in his favor. The evidence fully supported the court's finding on this issue. A retrial of that controversy would only add to the expense and delay in the administration of the debtor's estate.

Appellee's motion to dismiss the appeal in No. 13,979 is denied.

On the appeal in No. 13,979 the judgment is affirmed. In No. 13,976 the judgment is reversed and remanded for further proceedings.