### In re NATIONAL ENGINEERING & EQUIPMENT CO.

(District Court, W. D. Washington, N. D. September, 1918.)

SALES ☞456—"CONDITIONAL SALE"—WHAT CONSTITUTES.

An agreement that motors might be rented at a stipulated monthly sum for an indefinite period, and that, if purchased, the first three months' rent should be applied on their purchase price *held* not a "conditional sale," within Rem. & Bal. St. Wash. § 3670, making unrecorded conditional sales of personalty absolute as to subsequent creditors in good faith, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

In Bankruptcy. In the matter of the National Engineering & Equipment Company, a corporation, bankrupt. Petition by C. Kirk Hillman for reclamation of property in the trustee's possession. Order of referee, directing return of property or purchase at list price, less three months' rental, affirmed.

Cassius E. Gates, of Seattle, Wash., for trustee.
Ballinger & Hutson, of Seattle, Wash., for claimant.

NETERER, District Judge. C. Kirk Hillman, between April 19 and September 1, 1917, delivered to the bankrupt six motors, 15, 7½, 10, 10, 50, 10 horse power, respectively, on a six months' rental basis at

$1 per horse power per month. Three months' rent on each motor was to apply on the purchase price, if the motors were purchased. The rental was paid, but no purchase was made.

On September 1, 1917, the following letter was written for the express purpose of reducing the understanding between the parties to a definite form, and it is contended by the trustee that it is a conditional sale or lease within the provisions of section 3670, Rem. & Bal. Statutes of Washington. After reciting the clause relative to rentals as stated, it continues:

"It is further agreed and understood that, at any time you wish to purchase these motors, you will receive a credit equal to the first three months' rent which you will have paid. It is further understood that you can continue to rent these motors as long as you desire, or to purchase them outright at any time. As stated above, this letter is simply a memorandum for your files and as a confirmation of our understanding. If this is not correct in every way, kindly advise us by return mail, so that everything may be correctly understood before the writer leaves for the East."

Nothing further was done with relation to purchase, and rental was paid until the adjudication, April 26, 1918.

The issue upon the petition of Hillman for reclamation of the property was tried before the referee, and an order made, directing the return of the property or the purchase at the list price, less three months' rental, which the claimant agreed might be done. The trustee brings this order here for review.

I think the referee was right in his conclusions. The lease agreement does not show, and the letter relied upon and quoted does not establish, a contract of sale between the parties. There is no element of a conditional sale embodied; there is no agreement to buy; there is no agreement to pay any price; there are none of the elements of bargain and sale; there is no understanding by which the bankrupt could become possessed of the title to the property by the payment of any sum of money as rentals. The only right the bankrupt had was the use of the motors so long as the rent was paid, unless a subsequent purchase was made. The conditional sale statute of Washington, cited by the trustee, was discussed at some length. In re Caldwell Machinery Co. (D. C.) 215 Fed. 428.

An order confirming the order of the referee may be entered.