## NATIONAL CASH REGISTER CO. v. DALLEN.

### No. 5475.

Circuit Court of Appeals, Third Circuit.

March 7, 1935.

Cecil P. Harvey and Horenstein, Feldman & Harvey, all of Philadelphia, Pa., for appellant.

Herman N. Silver, of Philadelphia, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania dismissing a petition to review an order of a referee in bankruptcy. The bankrupt owned an old cash register which she requested the appellant to repair. She found that the cost of the repairs would be excessive and, therefore, agreed to buy a new cash register from the appellant. She surrendered the old one and it was agreed that she should be credited with $70 on account of the purchase of the new machine. Pending the delivery of the new machine, the appellant loaned the bankrupt a cash register. This loaned cash register was still in the possession of the bankrupt when the petition in bankruptcy was filed. The new machine was never delivered. The trustee in bankruptcy, the appellee, refused to return the loaned machine to the appellant unless the appellant should return the bankrupt's old machine or pay its value to him. The appellant filed a reclamation petition for the return of the loaned cash register. The order of the referee directed that the appellee deliver the loaned cash register to the appellant provided, however, that the appellant first deliver to the appellee the old cash register or pay to the appellee the sum of $70, its agreed value. This order was affirmed by the District Court.

We do not think it necessary to determine whether the contract for the purchase of the new cash register amounted to a bailment lease or a conditional sale. Bankruptcy courts may apply rules regulating equitable actions. Bardes v. Hawarden First Nat. Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175. In Re Swofford Bros. Dry Goods Co. (D. C.) 180 F. 549, 553, the court said: "For such purposes the court has the plenary powers of a court of equity and can exercise the powers of such a court for the ascertainment and enforcement of the rights and equities of the various parties interested in the estate of the bankrupt company."

The approved policy in equity cases is to settle all the rights of the several parties before it. Riddle v. Mandeville, 5 Cranch, 322, 3 L. Ed. 114; In re Siegel-Hillman Dry Goods Co. (D. C.) 111 F. 980. The order of the referee settled the equities in the case in one proceeding. We think his refusal to order an unconditional return of the register was in accordance with the equitable principles which govern proceedings in bankruptcy.

Decree affirmed.