In re ENGINEERS OIL PROPERTIES CORPORATION.

District Court, S. D. New York.
June 20, 1947.

Geist & Netter, by Milton Harawitz, all of New York City, for debtor.

Lionel P. Marks, of New York City, for Texas Company.

GODDARD, District Judge.

This show cause order by the debtor in reorganization is to compel The Texas Company to pay over moneys, and cross motion by The Texas Company to vacate part of an order of this court insofar as it directs the cancellation of certain overriding royalty interests.

It appears from the record before the court that the debtor owns three oil and gas leases covering 197 acres of land in Texas and is engaged in the business of drilling oil.

The fee owners of the land have a fee owners $\frac{1}{8}$ interest in the oil and gas produced from their land. In addition to the fee owners' royalty the debtor carved out of its estate a $\frac{1}{8}$ overriding royalty which was divided into 197 units, of which the debtor owns about 102, the remaining units being held by various individual investors.

On December 29, 1944, a voluntary petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was filed and was approved by this court. The debtor was continued in possession and authorized to continue its business. A plan of reorganization was submitted and on June 9, 1945, approved as fair, equitable and feasible. On November 5, 1945, after more than two-thirds of the creditors of each class had accepted the plan, it was confirmed.

Under the plan of reorganization the overriding royalty interests are cancelled and each holder of one or more units of the overriding royalty interests is entitled

to receive one share of new common stock of the reorganized corporation for each of the 1/197 of the 1/8 overriding royalty.

The debtor's order to show cause provided that a copy of it be served upon the holders of the overriding interests; none have objected to the plan or jurisdiction of this court. The only attack on the plan or jurisdiction has been by the Texas Company, a stranger to the reorganization of the debtor. The order of November 5, 1945, declared that the overriding royalty interests be null and void and the order directed to the County Clerk of Jack County, Bryson, Texas, to cancel and discharge of record the outstanding overriding royalty interests and each fractional interest therein. An instrument to that effect was entered on November 14, 1945, by the County Clerk of Jack County. The debtor sold and now is selling the oil produced from the leased land to The Texas Company. The Texas Company deducts the fee owners 1/8 royalty which it remits to the fee owner, and remits 3/4 of the proceeds to the debtor as its share, but since January 1, 1946, refuses to pay to the debtor the remaining 1/8 of the price of the oil it purchased from the debtor. At the present time there is more than $200 due and additional amounts will become due as The Texas Company continues to take the oil.

The debtor served this order to show cause on The Texas Company why it should not pay the debtor the money due. The Texas Company in response made a cross motion alleging that it appears specially and asks that the court vacate its former order cancelling the overriding interests. The Texas Company contends that the interests of the overriding royalty holders are interests in land under the Texas law and as such, the Bankruptcy Court lacked jurisdiction of the subject matter of "overriding royalty interests"; further, that the position of an overriding royalty holder is that of an adverse claimant and hence not subject to summary jurisdiction of the Bankruptcy Court. It admits that it has no interest in the fund and is a mere disinterested stakeholder. It argues that when the debtor filed its petition in bankruptcy this automatically revoked its authority as agent to collect the funds due the overriding interests and that until a committee or representative of the overriding interests is duly appointed to receive the moneys due, it will have no adequate defense if suit is brought against it by holders of overriding interests.

■ The Texas Company asserts that it appeared specially upon the return of the debtor's order to show cause, but it challenges the court's jurisdiction over the subject matter and thus subjected itself to jurisdiction. Hale v. Campbell, D.C., 40 F. Supp. 584, reversed on other grounds, 8 Cir., 127 F.2d 594. See also Matter of Realty Associates Securities Corporation, 2 Cir., 98 F.2d 722. Moreover, in its cross motion it seeks affirmative relief. Thus the court clearly has jurisdiction.

■ The law is settled that where property alleged to belong to bankrupt is in possession of a third party who is not claiming a beneficial interest in it either for himself or for another, the Bankruptcy Court has summary jurisdiction to order the third party to turn over the property. Remington on Bankruptcy, 4th Ed., Sec. 2388.65, p. 584; Collier on Bankruptcy, 14th Ed., Sec. 23.06, p. 478, Note 7.

■ What right The Texas Company has to object to the provisions of the plan of reorganization is difficult to perceive. If this is so, it has no standing to object to the orders issued to effectuate the plan of reorganization. It has no interest in the monies withheld. Sections 206, 207 of the Bankruptcy Act, as amended June 22, 1938, 11 U.S.C.A. §§ 606, 607.

■ Moreover, assuming that The Texas Company is entitled to a hearing, its position seems untenable.

While it is true that the courts of Texas have held that for certain purposes an overriding royalty interest is an interest in real estate, Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53; see also McDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334; Wright v. Brush, 10 Cir., 115 F.2d 265, 267; Knight v. Chicago Corporation, Tex.Civ. App., 183 S.W.2d 666, 670, it has been held that land trust certificates, although interests in realty under the local law, are nevertheless "securities" within Chapter X

and subject to reorganization in summary proceedings. In re Hotel Gibson, D.C., 11 F.Supp. 30; Remington on Bankruptcy, Vol. 10, Sec. 4562. Securities as defined in Chapter X, 11 U.S.C.A. § 506(11), include "notes, bonds, and other evidences of indebtedness, either secured or unsecured, and stock."

Section 106(11) of the Bankruptcy Act, 11 U.S.C.A. § 506(11), states " 'Securities' shall include notes, bonds, and other evidences of indebtedness, either secured or unsecured, and stock," and Section 264 of Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 664, provides that "the term 'security' * * * shall have the meanings provided in section 77b of Title 15," which section says "the term 'security' means any * * * fractional undivided interest in oil, gas, or other mineral rights * * *." 15 U.S.C.A. § 77b.

It therefore appears that the Bankruptcy Court has jurisdiction in a Chapter X proceeding to pass upon the rights of the holder of an overriding royalty interest.

The cross motion of The Texas Company to vacate the order cancelling the overriding royalty interests is denied and it is ordered to pay over to the debtor the funds withheld.

Settle order on notice.