**In the Matter of DOLLY MADISON INDUSTRIES, INC., et al.**

No. 70–354.

United States District Court,
E. D. Pennsylvania.

May 4, 1971.

442

Frank H. Gelman, Mesirov Gelman, Jaffe & Levin, Philadelphia, Pa., for petitioners.

John S. Estey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for debtor.

OPINION AND ORDER SUR RECLAMATION PETITION OF MESSRS. FAIRMAN, DEUTSCHER AND LUSKY

HANNUM, District Judge.

Presently before the court is the petition of Messrs. Fairman, Deutscher and Lusky for review of an order by the Referee in Bankruptcy. The matter arises by way of a reclamation petition wherein the petitioners alleged the following facts: That two of the petitioners were the owners of all the issued and outstanding capital stock of a Pennsylvania corporation known as Original Metal Manufacturing Co. ("OMMC"); that an agreement was entered into on February 20, 1969 between

OMMC and the debtor providing for the transfer by OMMC of substantially all of its assets to the debtor in exchange for twelve thousand shares of a newly created series of convertible preferred stock of the debtor, and the assumption by the debtor of OMMC's liabilities; that OMMC was dissolved and the shares of preferred stock were distributed to two of the petitioners as a liquidating dividend; that as required by the agreement, petitioners leased the OMMC plant and parking facilities to the debtor, two of the petitioners entered into employment contracts with the debtor, and two of the petitioners became participants in the debtor's profit sharing trust plan.

In their reclamation petition, petitioners assert that the decision to sell substantially all of the assets of OMMC to Dolly Madison Industries ("DMI") was made in reliance on false and misleading financial statements of DMI and request the return to them of the former OMMC assets. The relief requested would of course include the cancellation of the leases and employment contracts and, in addition, recognizes that petitioners would be required to return the preferred shares to the debtor for cancellation and relinquish their rights in the profit sharing trust.

The matter was referred to the Referee for all necessary proceedings. The Referee, on his own motion, then raised the question of his own jurisdiction to adjudicate the matter, and, despite the fact that counsel for both the petitioners and the debtor argued that he did have summary jurisdiction, held that the bankruptcy court was without summary jurisdiction.

The question presented for consideration at this time is whether the bankruptcy court has summary jurisdiction over a reclamation petition which seeks, in addition to the return of physical assets, the transfer of the debtor's rights under lease agreements and employment contracts and the transfer or cancellation of stock rights held by the petitioner, all of which were integral parts of a single transaction.

It is hornbook law that the bankruptcy court has the power in the first instance to determine whether it has jurisdiction to proceed. Since it is a court created by statute, the jurisdiction of the bankruptcy court is limited to those areas conferred by statute or implied therefrom. In a Chapter X proceeding, with which we are here concerned, the bankruptcy court is vested by virtue of § 111 of the Bankruptcy Act with "exclusive jurisdiction of the debtor and its property, wherever located". Thus, the resolution of the problem must start with the obvious acknowledgment that where the controversy is one concerning property in the actual or constructive possession of the bankruptcy court, all rights and claims pertaining to that property may be adjudicated summarily by that court. 2 Collier, Bankruptcy § 23.04(2) (14th ed. 1969).

The Referee, in his opinion, expends considerable effort to demonstrate that jurisdiction of the subject matter cannot be secured by consent other than as permitted by Section 23(b) of the Bankruptcy Act and that Section 23(b) applies only to suits brought by the Trustee. The Referee is correct in stating the general rule that subject matter jurisdiction cannot be conferred on a court by consent, and also that by virtue of Section 23(b), when a trustee sues another party, that defendant may waive the usual federal jurisdictional requirements and submit to and be bound by the summary adjudication of the bankruptcy court. However, by virtue of Section 102, which specifically excludes application of Section 23 from a Chapter X proceeding, and by virtue of the fact that here the trustee is not suing but being sued, Section 23 has no relevance to the proceeding and need not be further considered. The important fact is that Section 23 places a restriction on summary jurisdiction over suits brought by the trustee, but no such limitation is placed on the jurisdiction of the court as to suits against the trustee or the estate. Therefore, when its ju-

risdiction is invoked voluntarily by an adverse claimant as plaintiff, the bankruptcy court may take cognizance of the action without regard to any other federal jurisdictional requirements. Subject matter jurisdiction is present by reason of the property being in the possession of the trustee. Any problems concerning personal jurisdiction are alleviated by the voluntary submission to summary jurisdiction by the adverse claimant.

 In the present case, the petitioners followed the proper procedure to be employed by a claimant not in possession who desires to assert his claim of title to property in the actual or constructive possession of the trustee. They filed a reclamation petition. 4A Collier, Bankruptcy § 70.41 (14th ed. 1969). By filing such a petition, the claimant consents to the exercise of summary jurisdiction by the bankruptcy court to determine his rights and interests in that property. 2 Collier, Bankruptcy § 23.08 (5) (14th ed. 1969). Moreover, once the reclamation petition is properly filed, the bankruptcy court may determine all of the rights of the parties connected with and arising out of the underlying transaction. James Talcott, Inc. v. Galvin, 104 F.2d 851 (3d Cir. 1939); In re Lea Fabrics, Inc., 226 F.Supp. 232 (D.N.J. 1964). It therefore appears clear that the bankruptcy court has jurisdiction to summarily adjudicate the present claim to assets in the possession of the trustee, including the power to order the rescission of employment contracts and lease agreements which were integral parts of the original transaction if that becomes appropriate.

 The final question to be considered is whether the bankruptcy court has summary jurisdiction to order the transfer or cancellation of stock rights held by the petitioners as the quid pro quo of the requested rescission should that become necessary. Again it seems apparent that the bankruptcy court is not precluded from taking such action. The bankruptcy court is a court of equity and may therefore impose various conditions to be satisfied before the restoration of property will be ordered. National Cash Register Co. v. Dallen, 76 F.2d 867 (3d Cir. 1935); 4A Collier, Bankruptcy § 70.39(1) n. 15 (14th ed. 1969). Should it become necessary, the court has the power and the duty to order restitution of the benefits received by adverse claimants where a transaction is rescinded and property reclaimed on the basis of fraud. 4A Collier, Bankruptcy § 70.41(2) n. 28 (14th ed. 1969).

In light of the foregoing discussion, the decision of the Referee will be reversed and this matter will be remanded to him for such further proceedings as may be appropriate. It is further noted that this court has made no determination on the propriety of the Referee's decision to deny the trustee's motion to dismiss since it appears that that determination was made simply to allow the motion to be reasserted in "the proper forum". By holding that the proper forum is before the Referee, we also direct the reconsideration of the motion to dismiss.