In the Matter of YALE EXPRESS SYSTEM, INC., Secon Service System, Inc., Debtors-in-Possession.

YALE EXPRESS SYSTEM, INC., and Secon Service System, Inc., Plaintiffs,

v.

BUDD LEASING CORP., John Gavin, Patrick J. Heaney, Edwin J. Doyle, Walter J. Barilari, Memb Associates, a partnership, and Secon Holding Corp., Defendants.

Bankruptcy Nos. 79 B 908, 79 B 919.

United States Bankruptcy Court,
S. D. New York.

June 8, 1981.

Wisehart & Friou, New York City, for debtor-in-possession.

Warren J. Kaps, Hackensack, N. J., for defendant John Gavin.

Donovan, Leisure, Newton & Irvine, New York City, for third party defendant U. S. Trucking Corp. of New York.

Warshavsky, Hoffman & Cohen, New York City, for defendant Walter J. Barilari.

Hartmann, Brooks & Fraioli, Hasbrouck Heights, N. J., for defendant Patrick J. Heaney.

Gross & Novak, East Brunswick, N. J., for Budd Leasing Corp.

DeRose & Rinaldi, East Orange, N. J., for Edwin J. Doyle.

JOHN J. GALGAY, Bankruptcy Judge.

On May 21 and 22, 1979 respectively, Yale Express System, Inc. ("Yale") and Secon Service System, Inc. ("Secon"), its wholly owned subsidiary, (the Debtors) filed petitions for arrangements under Chapter XI of the Bankruptcy Act. On June 26, 1979 Yale and Secon ("plaintiffs"), as debtors in possession, instituted this proceeding alleging two causes of action. Both actions arise out of contracts which Yale/Secon entered into before the filing of their petitions. The Debtors seek to nullify the damage award granted to the other party on the first contract, and to enforce the debtors' rights to damages against third parties on the second group of contracts. Because of the complicated facts that underlie this case and the intricate relationships which exist among the parties, a statement of the relevant underlying facts is essential for an understanding of this Court's rulings.

Specifically, the debtors' first cause of action seeks relief under Sections 60, 67, 70 and 342 of the Bankruptcy Act to avoid alleged preferences and to have declared null and void stays, judgments and liens which are allegedly preferential or fraudulent as to creditors. The defendant Budd Leasing Corp. ("Budd") is incorporated in the State of Delaware with a principal place of business in the State of Michigan. On September 5, 1974 Budd entered into a lease agreement with Yale whereby Budd leased to Yale sixty five trailers for use with tractors for over the highway transportation of goods and merchandise. Under the terms of the lease agreement, title to the trailers remained in Budd.

In August, 1977 Budd commenced an action in the Superior Court of the State of New Jersey, Law Division—Hudson County Docket No. L–50122–76, alleging that Yale was liable to Budd for breach of the terms of the lease agreement. Under the terms of the lease agreement, upon a default which was not cured within ten days, Budd could elect to accelerate the rent due under the agreement. The lease agreement further provided that unless the accelerated rent was paid within ten days after such election, Budd could terminate Yale's rights under the agreement and require Yale to surrender all of the trailers to Budd.

On August 22, 1977 a consent judgment between Yale and Budd was filed in the Superior Court of New Jersey which suspended Budd's right to reclaim those trailers as long as Yale/Secon complied with specified conditions. In October or November of 1978 Budd contended that the conditions had been violated by the failure of the Debtors to make timely payments, and Budd took possession of the trailers.

On November 3, 1978 Budd filed a Notice of Motion in the Superior Court of New Jersey seeking to reopen the consent judgment of August 22, 1977. Additionally that order sought an amended judgment against Yale for all damages and losses allegedly sustained by Budd as a result of Yale's breach of the lease agreement.

On or about April 26, 1979 a judgment against Yale was obtained by Budd in the amount of $238,550.00 in New Jersey Superior Court. On May 23, 1979 Budd obtained an additional order in the Superior Court of New Jersey, Law Division, appointing a receiver in aid of execution.

Plaintiffs seeks to avoid the transfer of the trailers contending that proceeds from a purported public sale of the trailers on April 5, 1979 in addition to the judgment obtained by Budd in the Superior Court of New Jersey and the order appointing a receiver with title to the Yale assets constituted preferences with respect to an antecedent debt. Budd denies the allegation.

The debtors' second cause of action in the instant litigation seeks damages under a separate group of contracts, a sales agreement and a management agreement. To a certain degree, the damages sought by this

cause of action are an outgrowth of the Yale-Budd litigation outlined above. Plaintiffs seek to enforce their rights under these two agreements and "additional undertakings" with a partnership defendant Memb Associates ("Memb"), with the individual defendants who comprised the Memb partnership: John Gavin, Patrick J. Heaney, Edwin J. Doyle, Walter J. Barilari, and with Secon Holding Corporation ("Secon Holding") which is alleged by Yale to be the agent and instrumentality of Memb and its partners.

The first agreement is a sales agreement dated October 11, 1977 between Secon Holding and Yale. This agreement provides for the sale by Yale to Secon Holding of the outstanding stock of Yale Transport Corp. ("Transport") and two other companies. Transport was a wholly owned subsidiary of Yale, which is now known as Secon, a plaintiff in this action. Plaintiffs seek damages under the sales agreement on two theories. First, plaintiffs contend that the agreement provides that Secon Holding would make all payments of rent required under the lease agreement between Yale and Budd, and that Secon Holding failed to meet its obligation to make these payments. Second, plaintiffs allege a breach of Secon Holding's obligations under the sales agreement to purchase the stock of Transport for $1,330,000 (less $50,000 already paid).

The second agreement is a management agreement dated October 11, 1977 between Yale, Memb and Transport. The management agreement provides that Memb would manage and supervise all aspects of the business and affairs of Transport (now Secon) during an interim period.

Plaintiffs contend that Memb, the individual partners, and Secon Holding are liable for any obligations which may be owed by the plaintiffs to Budd. Further, the operations giving rise to the damages claimed by Budd were conducted by and for the benefit of Memb, Secon Holding and the individual defendants pursuant to the management agreement.

Plaintiffs seek damages for the alleged breach by defendants of their obligations under the management agreement in addition to damages ensuing from "additional undertakings" made by said defendants to pay the amounts due directly to Budd beginning and after July 1978. Plaintiffs further seek indemnification with respect to any obligations plaintiffs may have to Budd in accordance with the management agreement.

By notice of motion filed December 26, 1979 defendant Barilari, a named partner in Memb, seeks an order pursuant to Bankruptcy Rules 712 and 915 dismissing the complaint on the grounds that plaintiffs' claims against him are not within the summary jurisdiction of the bankruptcy court. Further, by affidavit filed December 26, 1979 defendant Barilari affirmed his refusal to consent to the summary jurisdiction of this court over plaintiffs' claim against him. On September 5, 1979 defendant Patrick J. Heaney filed an amended answer alleging certain affirmative defenses and seeking indemnification from the other individual defendants in the event that he is held liable to the plaintiffs. By an additional notice of motion filed January 14, 1980 defendant Barilari seeks an order pursuant to Bankruptcy Rule 712 and 915 dismissing the claims asserted by defendant Heaney against him on the grounds that such claims are not within the summary jurisdiction of the bankruptcy court.

After careful review of the relevant facts and pertinent law in respect to the first cause of action between Yale/Secon and Budd, this Court finds that the repossession and sale by Budd of the trailers that were the subject of the lease agreement does not constitute a preference that may be avoided by this Court under Section 60 of the Bankruptcy Act, and Bankruptcy Rule 611. However, this Court finds that the judgment against Yale obtained by Budd on or about April 26, 1979 may be avoided by the debtors in possession under section 67(a) of the Bankruptcy Act.

Subdivision (a) of Section 60 of the Bankruptcy Act specifically defines a bankruptcy preference as follows:

"A preference is a transfer, as defined in this Act, of any property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

■ The purpose of the law of preference is to secure an equal distribution of the bankrupt's assets among his creditors of a like class. See *Farmers Bank of Clinton, Missouri v. Julian* 383 F.2d 314 (8th Cir. 1967). Further, the object of avoiding preferences is to prevent favoritism among creditors. See *In re Ira Haupt* 304 F.Supp. 917 (S.D.N.Y.1969).

Plaintiffs seek to avoid the alleged preferential transfer of the debtors' property to Budd under Rule 611 of the Bankruptcy Act which provides:

"Whenever any transfer is voidable by the trustee, the court may determine, in an adversary proceeding in which are joined persons claiming interests or rights in the property subject to the transfer, whether the transfer shall be avoided only or shall be preserved for the benefit of the estate."

■ However, the absence of any one of the elements constituting a voidable preference negates the claim as such voidable preference. *Bumb v. Valley Electric Co.*, 419 F.2d 107 (9th Cir. 1969).

■ Under the lease agreement, title to the trailers was retained by Budd. Given that fact, these trailers could not be considered the property of the debtor to form the basis of an action to avoid a preferential transfer. In *ITE Circuit Breaker Co. v. Holzman*, 354 F.2d 102 (9th Cir. 1965), the Court found that it was essential to the existence of a preference that the property transferred be property of the debtor. Further, in *In re National Engineering and Equipment Co.*, 256 F. 985 (W.D.Wash.

1918), the Court found that if the transaction is found to be based on a lease, the lessor is entitled to the article upon the bankruptcy of the lessee, so long as the option to buy, if any, has not been exercised. There a party delivered certain motors to the bankrupt on a six month rental basis at a certain price per horsepower. Three months' rent on each motor was to apply to the purchase price if the motors were purchased, but no purchase was made. The Court stated,

"There is no element of a conditional sale embodied; there is no agreement to buy; there is no agreement to pay any price; there are none of the elements of a bargain and sale; there is no understanding by which the bankrupt could become possessed of the title to the property by the payment of any sum of money as rentals. The only right the bankrupt had was the use of the motors so long as the rent was paid, unless a subsequent purchase was made." *Id.* at 986.

The lease agreement between Yale and Budd did not contain any elements of a bargain and sale and there was no understanding that the bankrupt could become the owner of the trailers by applying any of the rental price toward a purchase. The lease agreement did provide an option for Yale to purchase the trailers at the fair market value as determined by Budd, but such option was never exercised by Yale.

Uniform Commercial Code Section 1–201(37) provides that if the lessor specifically reserves title, his interest is not necessarily a security interest. Further, that the lessee has an option to buy is not enough to convert a true lease into a secured sale. See *In re Wheatland Electric Products Co.*, 237 F.Supp. 820 (W.D.Penn.1964).

The lease agreement between Yale and Budd was a true lease and not a secured sale. As a result, the repossession by Budd of the trailers prior to the petitions does not constitute a preferential transfer that may be avoided by this Court under Bankruptcy Rule 611.

■ However the judgment against Yale obtained by Budd in the amount of $238,-

550.00 on or about April 26, 1979 may be avoided by the Debtors under Section 67(a) of the Bankruptcy Act. Section 60 of the Bankruptcy Act was designed to deal with preferential transfer and divided preferences into two classes: (1) those arising from transfers by the debtor; (2) those created where the debtor procured or suffered a judgment to be entered against him. However Section 67(a) of the Act deals more inclusively and effectively with the second class of preference. Under Section 67(a) liens obtained by legal or equitable process within the four months which precede the filing of a petition are deemed by Section 67(a) to be null and void if the debtor was insolvent at the time the lien was obtained. See *4 Collier on Bankruptcy,* par. 67.02(2) at 44 (14th ed.). Nowhere in the pleadings has anyone contested the Debtors' insolvency throughout this period.

■ Further, after careful review of numerous statutory amendments in this area, it is now clear that not only any form of a judgment, but any judicial proceeding which fixes a lien upon the property of the debtor, and which satisfies the other requirements of Section 60 of the Bankruptcy Act will constitute a voidable preference and may therefore be avoided by debtors in possession. See *3 Collier on Bankruptcy,* par. 60.11(1) at 806 (14th ed.). See also, *Grant v. National Bank of Auburn,* 232 F. 201 (N.D.N.Y.1916).

As to the second cause of action, defendant Barilari seeks dismissal of the claims asserted against him by plaintiffs and by co-defendant Heaney pursuant to Bankruptcy Rules 712 and 915 on the grounds that such claims are not within the summary jurisdiction of this court. Additionally, Barilari contends that he was not a party to the sales agreement nor a member of Memb after November 1977. After careful review of the facts and the law, this Court must agree that this cause of action lies outside the summary jurisdiction of the bankruptcy court.

■ The bankruptcy court has power in the first instance to determine whether it has jurisdiction to proceed. But, since the bankruptcy court is created by statute, the jurisdiction of the court is limited to those areas conferred by statute or implied therefrom. See *In re Dolly Madison Industries,* 326 F.Supp. 441 (E.D.Penn.1971).

■ The bankruptcy court's summary jurisdiction is defined by section 2 of the Bankruptcy Act. Where the controversy is one concerning property in the actual or constructive possession of the bankruptcy court, the court may adjudicate summarily all rights and claims pertaining thereto. See *Autin v. Piske,* 24 F.2d 626 (5th Cir. 1928). But that summary jurisdiction is limited to proceedings involving claims to property in the actual possession of the court, *Board of Trade v. Johnson,* 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533 (1923), to property in the constructive possession of the court, *Maggio v. Zeitz,* 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948), or where the adverse claimant to the property consents, *Detroit Trust Co. v. Pontiac Savings,* 196 F.2d (6th Cir. 1912).

Yale and Secon seek damages for the alleged breach of the sales and management agreements, and seek indemnification pursuant to the management agreement. Such claims do not relate to property in the actual or constructive possession of the bankruptcy court. Nor is there any property that is the subject of an adverse claim whose claimant has consented to the summary jurisdiction of this court.

■ In *Tamasha Town and Country Club v. McAlester Construction Finance Corp.,* 252 F.Supp. 80 (S.D.Cal.1966) the court states,

"It is well established that summary jurisdiction does not exist to enforce a chose in action against a debtor since such an action involves no property in the actual or constructive possession of the bankruptcy court. It is likewise well settled that summary jurisdiction does not extend to actions where indemnification is sought rather than restitution." *Id.* at 86.

Such is also true when it is the debtor who seeks to pursue the chose in action.

See *In re Frigitemp Corp.*, 8 B.R. 284, 288 (S.D.N.Y.1981). Absent consent the bankruptcy court does not have summary jurisdiction to enforce a chose in action against a nondebtor party. See also *In re Warren*, 387 F.Supp. 1395 (S.D.Ohio 1975).

In *Kelley v. Gill*, 245 U.S. 116, 38 S.Ct. 38, 62 L.Ed. 185 (1917), an action was commenced by the trustee of a bankrupt corporation seeking to compel payment of unpaid stockholder subscriptions. The summary jurisdiction of the bankruptcy court was challenged. The Trustee contended that such claims were property in the actual or constructive possession of the court. However, the court found that,

"... the jurisdiction of the court of bankruptcy (can not) be maintained on the ground that this is a suit brought to determine a controversy concerning property in the possession of the trustee. He had possession merely of contested claims against alleged stockholders." *Id.*, at 121, 38 S.Ct. at 39.

■■■■ Similarly, Yale and Secon's claims against the defendants are not a controversy concerning property in the possession of the debtors in possession. The only property in the plaintiffs' possession is the right to bring an action against the defendants for damages. See also *In re Roman*, 23 F.2d 556 (2d Cir. 1928), where a claim by a trustee for breach of contract was held not to be within the competent summary jurisdiction of the bankruptcy court.

Since the summary jurisdiction of this court does not extend to the breach of contract claims against defendant Barilari, for the reasons already stated, the cross claim contained in defendant Patrick J. Heaney's amended answer must also be dismissed. Heaney's claim for indemnification against Barilari does not concern property within the custody or possession of the bankruptcy court. As a result, the limited jurisdiction of this court does not extend to such a claim. See *Tamasha Town and Country Club v. McAlester Construction Finance Corporation*, 252 F.Supp. 80 (S.D.Cal. 1966), *Maggio v. Zeitz*, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948).

Defendant Heaney, however, can be deemed to have consented to the summary jurisdiction of this court in spite of the fact that he initially contested that jurisdiction. It has been held that where a defendant seeks affirmative relief by a cross motion or other appropriate pleadings, such defendant consents to the jurisdiction of the court. *In re Engineers Oil Properties Corp.*, 72 F.Supp. 989 (S.D.N.Y.1947). Where consent can be shown, the bankruptcy court will have jurisdiction to adjudicate summarily the rights of adverse claimants who would otherwise be entitled to a plenary suit in the federal or a state court. See *Bachman v. McCluer*, 63 F.2d 580 (8th Cir. 1933). Section 23(b) of the Bankruptcy Act provides that:

*(s)uits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant,* except as provided in sections 60, 67 and 70 of this Act. (Emphasis added).

However, in the case at bar there is no property in the custody or possession of the bankruptcy court which is the subject of an adverse claim. Although Heaney has consented to the jurisdiction of this Court, other named defendants have specifically preserved an objection to the summary jurisdiction of this Court. Under these circumstances, the relief requested by the Debtors should not be granted here.

Bankruptcy Rule 719, an adaptation of Rule 19 of the Federal Rules of Civil Procedure, applies to an adversary proceeding such as this. Subsection (c) of Bankruptcy Rule 719 provides as follows:

"If a person as described in subdivision (a) hereof cannot be made a party, or if such a person is dismissed or the part of the proceeding involving his interest is transferred pursuant to subdivision (b) hereof, the court shall determine whether in equity and good conscience the proceeding should continue among the parties before it, or should be dismissed, the

502

absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided, third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the proceeding is dismissed for non-joinder.

The absent defendants, who comprise the balance of the Memb partnerships, are indispensable parties to this action. This Court in equity and good conscience cannot adjudicate summarily the issues presented in the instant litigation without the presence of all of the individual defendants named herein and although the Debtors could proceed against Heaney alone, a judgment if so rendered would be highly inadequate and extremely prejudicial to those parties deemed not to be within the summary jurisdiction of this court. Further, this Court sees no means whereby the relief requested can be modified through protective provisions in the judgment to lessen or avoid this prejudice. Finally, dismissal of this action for non-joinder is not unduly prejudicial to the plaintiffs who may pursue their remedies in the proper forum.

Based on the foregoing, the judgment which Budd obtained against Yale on or about April 26, 1979 is hereby declared null and void, and the motion by defendant Barilari for dismissal of the second cause of action pursuant to Bankruptcy Rules 712, 719 and 915 is hereby granted.

It is so ordered.