ELY, Circuit Judge:
Visioneering Construction and Development Co. (VCDC)[1] appeals from an order of the bankruptcy court dated May 22, 1979 striking the answer of VCDC, entering its default, and thereupon adjudicating it a bankrupt. We affirm.
FACTS
The involuntary bankruptcy proceedings were initiated by three petitioning creditors under Section 59(b) of the Bankruptcy Act, 11 U.S.C. § 95(b).[2] The involuntary petition alleged, inter alia, that all seven of the named corporations were essentially one entity and should be so treated.[3] The underlying basis of the allegations was that the entire enterprise was the alter ego of one Everson, the sole shareholder, director, officer, and managing agent of the several Visioneering variants.
VCDC denied that the entities were one enterprise, that the petitioners were creditors of the same entity, and therefore challenged the jurisdiction of the bankruptcy court to consider the petition. It moved for dismissal under section 59(b) of the Bankruptcy Act, 11 U.S.C. § 95(b), arguing that the three petitioning creditors were not qualified creditors of VCDC.
VCDC’s motion to dismiss was denied and discovery was directed towards resolving the jurisdictional issue, i. e., whether the several entities should be treated as one enterprise under the bankruptcy laws. The bankruptcy court correctly determined that it had jurisdiction to resolve the jurisdictional issue (discussed infra).
Petitioners-appellees, who admittedly have the burden to prove the jurisdictional and other averments of the petition before adjudication, repeatedly sought to discover evidence directed towards the jurisdictional question. The involuntary petition was filed on September 27, 1978. The following eight months were consumed with motions, substantial efforts at discovery by the creditors, and constant obstructionist tactics by VCDC, as described in the trial court’s findings of fact and conclusions of law filed with the adjudication on May 22,1979. There was a litany of willful discovery abuses, including failure to attend a noticed deposition of VCDC’s sole shareholder, director, officer and managing agent, one Everson, without first filing a motion for a protective order; not responding to document requests; filing evasive and incomplete answers to interrogatories directed towards jurisdictional issues; not producing Everson for deposition even after VCDC’s motion for a protective order had been granted, etc. VCDC’s contumacious conduct substantially impeded the court’s ability to decide the jurisdictional issue on the merits.
In April of 1979 petitioning creditors filed a motion to enter default pursuant to the sanction provisions of Fed.R.Civ.P. 37 for VCDC’s willful and bad faith failure to abide by the discovery rules. On May 22, 1979, after a hearing, the Bankruptcy Judge granted the motion, the effect of *122 which was to strike VCDC’s answer and deem as admitted the properly pleaded allegations of the creditors’ petition. The “one-integrated enterprise” allegation, stating a necessary jurisdictional fact, was thus deemed admitted.
The Bankruptcy Judge in his findings of fact and conclusions of law entered with his Order and Adjudication clearly stated that he was not making a finding regarding the truth of the jurisdictional allegations,I.[4] but was relying upon the default mechanism to deem the creditors’ factual allegations admitted. Adjudication of VCDC and its constituent corporations as bankrupts followed. Thus, subject matter jurisdiction was based on facts alleged in the petition that were deemed admitted, no answer being before the court. On appeal, the District Court affirmed, noting that the allegations in the petition were sufficient to confer subject matter jurisdiction if true and that the truth of those allegations had been deemed admitted by the striking of VCDC’s answer. The District Court found no abuse of discretion in the use of default procedures in this case, nor do we.
DISCUSSION
VCDC argues on appeal (1) that the bankruptcy court did not have jurisdiction by which to enter a default under Fed.R. Civ.P. 37 (Rule 37) without a palpable showing of jurisdiction on the merits — i. e., that jurisdiction cannot be deemed admitted; (2) that the default provisions of Rule 37 do not apply in bankruptcy; (3) that even if the default provisions apply, the use of default procedures here was an abuse of discretion; and (4) that a limited remand is appropriate to allow the bankruptcy court an opportunity to entertain a Fed.R.Civ.P. 60 motion.
I. Jurisdiction
The bankruptcy court clearly has the power in the first instance to determine whether it has jurisdiction to proceed. Chicot Co. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376-77, 60 S.Ct. 317, 319-20, 84 L.Ed. 329 (1940); United States v. United Mine Workers, 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 695 n. 57, 91 L.Ed. 884 (1947); Monte Vista Lodge v. Guardian Life Ins. Co. of America, 384 F.2d 126, 129 (9th Cir.), cert. denied, 390 U.S. 950, 88 S.Ct. 1041, 19 L.Ed.2d 1142 (1967); In re Dolly Madison Industries, Inc., 326 F.Supp. 441 (E.D.Pa.1971). In Chicot, the Court stated that “lower federal courts are all courts of limited jurisdiction .... But none the less they are courts with authority ... to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act.” 308 U.S. at 376, 60 S.Ct. at 319. In United Mine Workers, the Court similarly stated that federal courts have jurisdiction to determine jurisdiction and “may either have to determine the facts ... or the law, as whether the case alleged arises under a law of the United States.” 330 U.S. at 292-93 n. 57, 67 S.Ct. at 695 n. 57. And it is equally clear that a court may allow or order discovery to aid in determining whether it has jurisdiction. Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (citing cases).
Thus, VCDC’s argument that the court lacked jurisdiction to enter default is without merit. The Bankruptcy Judge properly construed and applied the bankruptcy statute and rules in determining the contested jurisdictional issue. Bankruptcy Rule 115(a) requires that a court “shall determine the issues of a contested petition at the earliest practicable time and adjudicate the debtor a bankrupt, dismiss the case, or enter such other order as may be appropriate.” Under this rule and the reasoning of *123 the prior authorities, the bankruptcy court was the proper forum to determine the jurisdictional objections lodged as an affirmative defense to the involuntary petition.
II. Rule 37 Default Sanctions
VCDC deliberately and obstinately refused to cooperate with discovery requests and court orders relevant to the jurisdictional issue. The bankruptcy court, faced with an obstreperous alleged bankrupt, unequivocally had the power to apply Fed.R.Civ.P. 37 sanctions for obstruction of discovery. Bankruptcy Rule 121 provides, inter alia, that Bankruptcy Rule 737 applies to contested petitions and makes clear that references in the Federal Rules of Civil Procedure to complaints shall be read as references to a petition. Rule 737 incorporates Rule 37 of the Federal Rules of Civil Procedure.
Rule 37[5] provides for, inter alia, the entering of a judgment by default for the failure of a party to attend a properly noticed deposition or serve answers to interrogatories or respond to requests for inspection of documents.
The imposition of Fed.R.Civ.P. 37 sanctions was thus allowable and should not be reversed unless there has been an abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) “The question, of course, is not whether this Court, or whether the [District Court], would as an original matter have dismissed the action; it is whether the [Bankruptcy Court] abused its discretion in so doing.” Id. See also Denton v. Mr. Swiss of Missouri, Inc., 564 F.2d 236, 239 (8th Cir. 1977); Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964).
We certainly cannot say there was an abuse of discretion here. The record is replete with instances of VCDC’s obstructionist and delaying tactics. The bankruptcy court repeatedly accommodated VCDC with respect to continuances, hearings on discovery motions and protective orders to facilitate Mr. Everson’s deposition free from fear of service of an Arizona state bench warrant. The Bankruptcy Judge bent over backward, including his setting over hearings on the motion to enter default to give VCDC another chance to comply with discovery orders. VCDC’s conduct appears willful and in bad faith. Our Court has stated that “[w]here . . . counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance.” G-K Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 647 (9th Cir. 1978); accord National Hockey League, supra; Societe Internationale v. Rogers, 357 U.S. 197, 208, 78 S.Ct. *124 1087, 1094, 2 L.Ed.2d 1255 (1958). See also Hammond Packing Co. v. Arkansas, 212 U.S. 322, 351, 29 S.Ct. 370, 380, 53 L.Ed. 530 (1909) (dismissal (or default) does not offend due process, when, as here, the dismissal (or default) is a sanction for “the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause”).
VCDC’s near total refusal to facilitate discovery related to the jurisdictional factual issues and continued failure to respect discovery orders were therefore justifiably sanctioned by the entry of default.
III. The Remand Motion
VCDC has repeatedly urged this Court by motions[6] and at oral argument to grant a limited remand[7] for the purpose of allowing the bankruptcy court to entertain a Fed.R.Civ.P. 60 motion.[8] The basis of the remand request is that the Arizona State Superior Court finding that Everson, Visioneering and VCDC were alter egos was overturned on appeal.[9] The alter ego finding of the state court was referred to in the creditors’ alter ego allegation (see footnote 4). VCDC urges a remand, contending that petitioning creditors’ single enterprise allegation was based on the state court finding and that the Bankruptcy Judge may have relied on that allegation in deciding to default VCDC.
In the exercise of our discretion, we decline to remand this case for the entry of a Rule 60 motion. Cf. Canadian-Ingersol Rand Co. v. Peterson Products, 350 F.2d 18, 27 (9th Cir. 1965). Our inquiry is whether a remand will merely cause unnecessary delay in the final disposition of this case, or whether a remand for the purpose of a Rule 60 motion will or is likely to result in significant economies of judicial administration and expense and time to the parties. Based on the record here, especially the Bankruptcy Judge’s factual findings entered with his adjudication, no Rule 60 grounds justifying relief from the adjudication exist.
The adjudication by default was not based on reliance upon the alter ego determination of the state court, but upon the consequences of a default sanction appropriately entered under Fed.R.Civ.P. 37. Well pleaded allegations of the petition, including jurisdictional averments, are taken as admitted on a default judgment. Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. *125 788, 29 L.Ed. 105 (1885); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). The Bankruptcy Judge expressly refused to make a finding on the jurisdictional question. Under these circumstances, we cannot countenance another delay occasioned by a Rule 60(b) remand which, based on this record, is without merit.
For the reasons adduced herein, the Order of Adjudication is
AFFIRMED.

. Of the seven corporations named in the petition, one, Visioneering Corporation of Delaware (Visioneering), filed its consent to adjudication as a bankrupt on May 7, 1979 rather than be defaulted. The remaining six are involved in this appeal, and VCDC is the successor-in-interest to the five other corporations. VCDC includes that corporation’s predecessors in interest. VCDC contends that the debts of Visioneering, which was voluntarily adjudicated, are not debts of VCDC; i. e., that the corporations are separate entities.

. The new Bankruptcy Code, 11 U.S.C. § 101 et seq. became effective on October 1, 1979. Because this case was filed before that date, it is governed by the Bankruptcy Act, codified in former 11 U.S.C. § 1 et seq.

. The petition otherwise averred the requisite jurisdictional requirements for involuntary petitions. The allegation pertaining to three creditors of one single enterprise stated: “The various entities (including Visioneering) named in the caption of this petition .. . are one integrated enterprise and have been so adjudicated.in an action in the Superior Court of Arizona below described. Their assets and liabilities should be consolidated and administered by this Court as one estate.”

. Finding of Fact (D.) stated:
The creditors’ petition in this action alleges that all the corporations are essentially one enterprise, that the enterprise is the alter-ego of Robert W. Everson, and that the debts of one corporation are the debts of all. The Court makes no finding of fact regarding the truth of these allegations but does find that they are important issues upon which petitioning creditors are entitled to conduct discovery. (Emphasis added.)

. Subdivision (d) of Rule 37 of the Federal Rules of Civil Procedures provides as follows:
(d) Failure of Party to Attend to Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with the proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advisirig him or both to pay the reasonable expenses, including attorney’s fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided in Rule 26(c).

. Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals. Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir. 1979); 7 Moore’s Federal Practice 60.30[2] [2d ed. 1980].

. VCDC’s first motion for remand was denied on July 3, 1980, without prejudice to its renewal should the lower court indicate it might be inclined to reopen the case. See Smith v. Lujan, 588 F.2d 1304, 1306 (9th Cir. 1979); Crateo, Inc. v. Intermark, Inc., 536 F.2d 862 (9th Cir. 1976). VCDC subsequently obtained an order from the bankruptcy court stating that it “wishes to review and reconsider” its order adjudicating VCDC a bankrupt. A second remand motion based on that order was also denied on March 17, 1981. VCDC now seeks yet another bite at the apple, urging this panel to stay the appeal pending the outcome of a Rule 60 motion below.

. Bankruptcy Rule 924 provides that Rule 60 applies in bankruptcy cases. Rule 60 provides in relevant part:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

. The state court action was a divorce proceeding between Everson and his wife. The alter ego finding was not reversed on the merits, but on the ground that the superior court lacked jurisdiction to make the alter ego determination.